**AIRLINES REPORTING CORPORATION, Plaintiff**

**v.**

**ANGELA BELFON, RONALD BELFON, and VERNE DAVIC,**
**Defendants**

**AIRLINES REPORTING CORP. v. BELFON**

Civ. No. 2003-146

District Court of the Virgin Islands

Division of St. Thomas and St. John

December 27, 2004

CAROL RICH, St. Thomas, U.S.V.I., *For plaintiff.*

LEE ROHN, St. Thomas, U.S.V.I., *For defendant Ronald Belfon.*

MOORE, *District Judge*

## MEMORANDUM OPINION

(December 27, 2004)

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a dispute between Airlines Reporting Corporation ["ARC"] and Angela and Ronald Belfon regarding breach of an express trust agreement. ARC has moved to dismiss defendant Ronald

Belfon's counterclaim for "malicious prosecution" in which he alleges that ARC's action against him "makes spurious allegations against him without factual support or knowledge to support and which [ARC] knew were not true or had reason to know were not true."

## II. ANALYSIS

The counterclaim in question is without legal merit. Unfortunately, defendant was not clear whether he was filing a counterclaim for malicious prosecution or wrongful use of civil proceedings. He states only that he asserts a claim against ARC for "malicious prosecution of a frivolous action for improper purposes." Regardless of whether Belfon's counterclaim is for malicious prosecution or wrongful use of civil proceedings, the two causes of action most closely related to his allegations, the defendant's counterclaim fails to state a claim on which relief can be granted.

### A. Malicious Prosecution

According to the Restatement, a cause of action for malicious prosecution is one where

[2] A private person who initiates or procures the institution of **criminal proceedings** against another who is not guilty of the offense charged is subject to liability for malicious prosecution if

(a) he initiates or procures the proceedings without probable cause and primarily for a purpose other than that of bringing an offender to justice, and

(b) the proceedings have terminated in favor of the accused.

RESTATEMENT (SECOND) OF TORTS § 653 (emphasis added). *See also Charleswell v. Bank of N.S.*, 44 V.I. 36, 37 (Terr. Ct. 2001) (setting forth the elements of the cause of action for malicious prosecution as those elements in the Restatement).

Defendant's counterclaim fails to state a cause of action for malicious prosecution for two reasons. First, the underlying action that Belfon is complaining about is a civil action, not a criminal action. Second, the proceedings have not terminated at all, let alone, terminated in favor of the accused.

## B. Wrongful Use of Civil Proceedings

■ If, in the more likely scenario, Belfon's counterclaim is intended to assert a claim for wrongful use of civil proceedings pursuant to the Restatement, his claim still fails. A defendant cannot file a counterclaim for wrongful use of civil proceedings in the same case as the proceedings that he alleges the plaintiff tortiuously initiated.

According to the Restatement, wrongful use of civil proceedings is an action where:

> One who takes an active part in the initiation, continuation or procurement of civil proceedings against another is subject to liability to the other for wrongful civil proceedings if
> (a) he acts without probable cause, and primarily for a purpose other than that of securing the proper adjudication of the claim in which the proceedings are based, and
> (b) except when they are ex parte, **the proceedings have terminated in favor of the person against whom they are brought.**

RESTATEMENT (SECOND) OF TORTS § 674 (emphasis added). Legal precedent supports the position of the Restatement that the proceedings complained about must be terminated before a cause of action for wrongful use of civil proceedings exist. *See Caplan v. Fellheimer Eichen Braverman & Kaskey*, 68 F.3d 828 (3d Cir. 1995) (upholding a district court decision to dismiss a counterclaim asserting wrongful use of civil proceedings as premature because it was filed in the same action as the allegedly wrongfully instituted act).[1]

In this case, the underlying allegedly tortious litigation is far from complete. Only when and if the present action before the court ends in a verdict favorable to the defendant would grounds for this claim arise. The counterclaim is premature. Because the counterclaim is brought in the same lawsuit that it alleges is wrongfully instituted, the counterclaim will be dismissed for failure to state a claim.

---

[1]    *See also Brown v Stone*, 66 F. Supp. 2d 412, 430 (E.D.N.Y. 1999) (holding that "Appellate courts have time after time expressly held that a counterclaim for malicious prosecution or abuse of process will not lie in the civil action that was allegedly wrongfully instituted for the very reason that it would be contingent upon the termination of the action in the defendant's favor").